# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| QUALITY LAWN, LLC d/b/a QUALITY LAWN, a LIMITED LIABILITY COMPANY, and JUSTIN SOUTHARD, an INDIVIDUAL, and MISTY SOUTHARD, an INDIVIDUAL, | )  Case No. 3:17-cv-5031<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>)<br>) |

## COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing for Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by section 16(c) and 17 of the Act, and by 28 U.S.C. § 1345.

II

Defendant Quality Lawn, LLC (hereinafter "Quality Lawn") is a Limited Liability Company with its principal place of business located at 19975 Freedom Road, Joplin, Missouri, 64801, within the jurisdiction of this Court.

Defendant Justin Southard is a manager and owner of Defendant Quality Lawn located within the jurisdiction of this Court, and acts directly or indirectly in the interest of Defendant Quality Lawn in relation to its employees.

Defendant Misty Southard is a manager of Defendant Quality Lawn, located within the jurisdiction of this Court, and acts directly or indirectly in the interest of Defendant Quality Lawn in relation to its employees.

III

The activities of Defendants referred to in paragraph II were, and are, related and performed through unified operation or common control for a common business purpose, and have, since October 7, 2013, constituted an enterprise within the meaning of section 3(r) of the Act.

IV

Since October 7, 2013, said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(s)(1)(A) of the Act.

V

Defendants Quality Lawn and Justin and Misty Southard, have violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing certain employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours since October 7, 2013, without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VI

Defendants Quality Lawn and Justin and Misty Southard, employers subject to the provisions of the Act, have violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that since October 7, 2013, Defendants have failed to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendants, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act in that the records kept by Defendants failed to show, among other things, the hours worked each work day and each workweek.

VII

Defendants Quality Lawn and Justin and Misty Southard have willfully violated and are violating the provisions of the Act as alleged in paragraphs I to VI above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by section 17 of the Act.

## VIII

As a result of the violations alleged in paragraphs I to VII above, amounts are owing for certain present and former employees listed in attached Appendix A.

Inasmuch as the violations are continuing, interest has accrued in the amount of $172.41. A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown:

Plaintiff prays judgment, pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of section 15(a)(2) and 15(a)(5) of the Act.

And Plaintiff further prays for judgment, pursuant to section 16(c) of the Act, against Defendants for unpaid overtime compensation, for an equal additional amount as liquidated damages, and accrued interest of $172.41.

Nicholas C. Geale
Acting Solicitor of Labor

Christine Z. Heri
Regional Solicitor

H. Alice Jacks
Associate Regional Solicitor

Justin H. Whitten
Attorney
Mo Bar #65275
Federal Bar #65275MO

Two Pershing Square Building
2300 Main Street, Suite 1020
Kansas City, MO  64108
(816) 285-7283
(816) 285-7287 (fax)
whitten.justin.h@dol.gov

U.S. Department of Labor
Attorneys for Plaintiff